UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RICHARD I. CHAPMAN,<br><br>             Plaintiff,<br><br>    v.<br><br>BONNEVILLE POWER ADMINISTRATION, U.S. DEPARTMENT OF ENERGY,<br><br>             Defendant. | CASE NO. C18-5569 BHS<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

This matter comes before the Court on Defendant Bonneville Power Administration, U.S. Department of Energy's ("BPA") motion for summary judgment. Dkt. 41. The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

## I. FACTUAL AND PROCEDURAL HISTORY

On July 17, 2018, Plaintiff Richard Chapman ("Chapman") filed this quiet title action seeking a declaration of rights on the allowable uses of an easement deeded to his ancestors. Dkt. 1–1. Chapman asserts that BPA has impermissibly expanded its own

rights under the easement through a unilateral interpretation of the easement deed. *See* Dkt. 5 at 4 ("BPA has given false color to the scope of an easement over and upon federal land . . . .").

**A.     The Easement**

The easement in question "runs with the land located at 3016 NE 78th Street in Vancouver, Washington . . . ." Dkt. 5 at 4. Lester and Dorothy Holtgrieve ("the Holtgrieves") previously owned this land ("Holtgrieve Parcel"), which encompassed a smaller tract known as VK-22. *Id.* at 4. In 1939, BPA acquired fee simple title to VK-22 through eminent domain. Dkt. 5-1 at 3. In 1940, BPA granted the Holtgrieves an easement across VK-22 by conveyance of an easement deed. Dkt 5-2 at 2–3. The deed granted rights and restrictions in perpetuity to the Holtgrieve's heirs and assigns. *Id.* at 3.

**B.     The Estate**

On April 12, 2006, Myrtle Chapman ("Ms. Chapman"), through counsel, petitioned the Superior Court of Clark County, Washington for an order probating will, appointing personal representative, adjudicating estate to be solvent, and directing administration without court intervention regarding the estate of her mother, Daphne E. Holtgrieve ("Daphne Holtgrieve"). Dkt. 42–1. Also on April 12, 2006, the Superior Court admitted the will to probate and named Ms. Chapman the Estate's personal representative with nonintervention powers. Dkt. 42-2. Ms. Chapman is Chapman's mother, and Daphne Holtgrieve is his grandmother. It is undisputed that the will was valid and the Estate's primary asset is the Holtgrieve Parcel.

The probate docket shows one creditor claim, filed on August 1, 2006 by the State of Idaho, Department of Health and Welfare. Dkt. 42-6 at 4.[1] Neither party addresses this claim.

On June 23, 2011, the Superior Court approved the substitution of Chapman for Ms. Chapman as personal representative of the Estate. Dkts. 42-3, 42-4. On May 7, 2012, Ms. Chapman filed a disclaimer with the Superior Court renouncing any interest in the Estate and expressing her intent that the beneficial interest of the Estate pass to Chapman. Dkt. 42-5. This is the last document which appears in the Superior Court's docket on the matter as of January 16, 2020. Dkt. 42-6; Dkt. 52-1.

## C. Legal Action

Chapman has previously filed suit in this Court seeking declaratory relief regarding the scope of the easement. *See Chapman v. Bonneville Power Association*, No. 3:12–cv–05688–BHS (W.D. Wash. Dec. 13, 2012). In that suit, BPA moved to dismiss, Chapman failed to respond, and the Court granted BPA's motion on the two bases BPA advanced: that (1) an estate may not be represented *pro se* and that (2) the statute of limitations had run on Chapman's claims. *Id*. (citing *Iannaconne v. Law*, 142 F.3d 553, 559 (2nd Cir. 1998); 28 U.S.C. § 2409a(g)).

---

[1] The probate docket for case 06-4-00309-9, *The Estate of Daphne E. Holtgrieve* (Wash. Sup. Ct. 2006), appears in the record twice, once at Dkt. 42-6 (printed on November 18, 2019) in support of BPA's motion, and once at Dkt. 52-1 (printed on January 16, 2020), filed in support of BPA's reply.

1    In the instant case, Chapman again seeks declaratory relief regarding the scope of
2    the easement, Dkt. 5 at 5, related to a potential sale of the Holtgrieve Parcel, Dkt. 5-1 at
3    8.
4    On September 18, 2018, BPA moved to dismiss on statute of limitations grounds,
5    noting that Chapman's complaint "states he has obtained sole possession of the land in
6    question." Dkt. 18. On March 5, 2019, the Court denied the motion. Dkt. 25.[2]
7    On November 20, 2019, BPA moved for summary judgment. Dkt. 41 at 1–2. On
8    January 9, 2020, Chapman responded. Dkt. 47. On January 17, 2020, BPA replied. Dkt.
9    51.

## II.  DISCUSSION

### A.  Summary Judgment Standard

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must

---

[2] The Court noted that though BPA did not raise res judicata, the doctrine appeared applicable to the case. Dkt. 25 at 10.

ORDER - 4

present specific, significant probative evidence, not simply "some metaphysical doubt"). *See also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The Court must consider the substantive evidentiary burden that the nonmoving party must meet at trial—e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630. The Court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson*, 477 U.S. at 255). Conclusory, nonspecific statements in affidavits are not sufficient, and missing facts will not be presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888–89 (1990).

**B.** **Merits**

To clarify the disputed issues, the Court will summarize the parties' arguments before turning to the substantive law.

BPA argues that Chapman lacks an ownership interest in the Holtgrieve Parcel because (1) the disclaimer of interest filed by Ms. Chapman in 2012 is invalid as

untimely and (2) potential heirs do not own estate property until the Superior Court enters a declaration of completion and order closing the probate matter. Dkt. 41 at 2. BPA argues that as Chapman is therefore not the legal owner of the Estate, he may not sue pro se on behalf of the Estate. Dkt. 41 at 5–6 (citing *Simon v. Hartford Life & Accident Ins. Co.*, 546 F.3d 661, 664–65 (9th Cir. 2008) ("courts have routinely adhered to the general rule prohibiting *pro se* plaintiffs from pursuing claims on behalf of others in a representative capacity.")).

In response, Chapman notes that his brief is short and lacking in legal citations because he lost an earlier draft in an electronic malfunction. Dkt. 47 at 1. He concedes that he does not have an ownership interest in the Estate, arguing that his legal interest is a beneficial interest—"[w]hat I am claiming is that I have at least a contingent financial interest in the Estate which the BPA has diminished" as he is the "current sole heir" to the Estate and to Ms. Chapman. *Id.* at 1–2. Though Chapman concedes that "the Disclaimer [Ms. Chapman] executed in 2012 passing her interest in [the Estate] to me appears to be voided due to timing," he argues that he holds power of attorney for Ms. Chapman and has executed an assignment of heirship interest to himself in her name. *Id.* at 2 (referencing Dkts. 47-1, 47-2). The assignment of heirship interest Chapman submitted to the Court refers specifically to the Holtgrieve Parcel, not the Estate generally. Dkt. 47-2. He states that he planned to record the power of attorney and assignment of interest on January 10, 2020, the day after filing his response. Dkt. 47 at 2.

In reply, BPA argues that the power of attorney and assignment of interest were not filed in the probate matter as of January 16, 2020 and were not disclosed during

discovery. Dkt. 51 at 3. BPA argues that even if the power of attorney and assignment of interest were admissible at summary judgment, the "fundamental flaw in this case" remains—that Chapman does not own the Estate's property because the probate matter remains open. *Id.* (citing *In re Estate of Jones*, 152 Wn.2d 1, 14 (2004) ("*Jones*")).

### 1. Closure of Probate

"Before probate of a nonintervention estate is closed, the personal representative must file a declaration that includes the amount of fees to be paid for his or her services. *In re Estate of Harder*, 185 Wn. App. 378, 384 (2015) (citing RCW 11.68.110(1)(g)). "Once the declaration of completion is filed, the estate closes and the personal representative is discharged automatically '*unless* a heir . . . petition[s] the court to approve the fees or for an accounting.'" *Id.* (quoting *In re Estate of Ardell*, 96 Wn. App. 708, 714 (1999)).

BPA emphasizes that *Jones* explains that "[u]ntil an estate is closed, the heirs may not treat estate real property as their own." Dkt. 41 at 8 (quoting *Jones*, 152 Wn.2d at 14). While BPA is correct, *Jones* addressed the personal representative's breach of fiduciary duty, which BPA does not specifically argue is at issue here.

Chapman does not directly address the issue of closing probate, appearing to rely on his argument that he is effectively the Estate's only beneficiary. As BPA's authorities on closure of probate do not speak directly to the issue of bringing suit on behalf of the estate, the court turns to the issue of pro se representation.

**2. Pro Se Representation**

Under 28 U.S.C. § 1654, parties have the right to "plead and conduct their own cases personally or by counsel . . . ." The right is "personal to the litigant and does not extend to other parties or entities." *Simon*, 546 F.3d at 664 (citing *McShane v. United States*, 366 F.2d 286, 288 (9th Cir. 1966)). "Consequently, in an action brought by a *pro se* litigant, the real party in interest must be the person who 'by substantive law has the right to be enforced.'" *Id*. (quoting *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987)). For example, a trustee who is "not the actual beneficial owner of the claims being asserted by the Trusts . . . cannot be viewed as a 'party' conducting his '*own* case personally' within the meaning of Section 1654." *C.E. Pope Equity Trust*, 818 F.2d at 697. At least three circuit courts have construed § 1654 "as prohibiting a non-attorney administrator of an estate from proceeding pro se when there are other beneficiaries or creditors of the estate." *Jones ex rel. Jones v. Correctional Med. Servs., Inc.*, 401 F.3d 950, 951–52 (8th Cir. 2005) (citing *Pridgen v. Andresen*, 113 F.3d 391, 393 (2nd Cir. 1997); *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002)).

As noted, BPA argues that it has "affirmatively established that Plaintiff never did, and still does not, possess legal ownership in the Holtgrieve Parcel sufficient to allow him to bring this QTA action as a pro se party." Dkt. 51 at 4.

The Court concludes that BPA is correct and Chapman may not represent the Estate pro se. Even considering Chapman's evidence that Ms. Chapman's interest in the Holtgrieve Parcel is assigned to him, the Estate remains the real party in interest, which may not be represented pro se. Any transfer of interest from Ms. Chapman to Chapman is

contingent at the very least on successful closure of probate (which has not occurred in the fourteen years since the will entered probate). Moreover, it remains possible that that interest is subject to other claims.

## III.  ORDER

Therefore, it is hereby **ORDERED** that BPA's motion for summary judgment, Dkt. 41, is **GRANTED**.

The Clerk shall enter a **JUDGMENT** and close the case.

Dated this 13th day of May, 2020.

*[signature]*

BENJAMIN H. SETTLE
United States District Judge